RECEIVED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

2017 APR 12  A 11: 35

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **CLAUDE MCQUEEN** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) **Civil Action Number** |
| | ) 2:17-cv-215 |
| **STATE OF ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION,** | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| **Defendants.** | ) |

## COMPLAINT

### I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 1658, 2201, 2202, 42 U.S.C. § 2000e et seq. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, "the Civil Rights Act of 1991. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. § 2000e et seq., as amended by "the Civil Rights Act of 1991 providing for injunctive and other relief against race discrimination and retaliation.

2.    The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq.   Plaintiff filed his charge of

discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the last discriminatory act and timely filed his Complaint within 90 days of the receipt of his right-to-sue letter from the Equal Employment Opportunity Commission.

## II.    PARTIES

3.      Plaintiff Claude McQuenn (hereinafter "McQueen"), is a black citizen of the United States and a resident of the State of Alabama.  McQueen resides in Troy, Alabama. McQueen is currently employed by the State of Alabama.

4.      Defendant, State of Alabama Department Of Transportation (hereinafter "ALDOT") is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq.  The Defendant employs at least fifteen (15) persons.

## III.   FACTS

5.      McQueen has been employed by the State of Alabama for approximately 24 years. He works in the Alabama Department of Transportation.

6.      McQueen currently works on a five-man crew where he is the only African-American crew member.  Since becoming a member of this five-man crew, McQueen has been subjected to race discrimination and retaliation.

2

7. Since 2009, McQueen has filed approximately three EEOC charges against the Defendant for various incidents of race discrimination in the denial of promotions and other terms and conditions of employment.

8. Specifically, in 2010, McQueen received a job evaluation score of 26.70 and a raise. In 2011, McQueen received a job evaluation score of 13.33 and no raise for which he filed a charge of discrimination. After 2011, McQueen received no job evaluations.

9. In 2014, McQueen filed a charge of discrimination on the basis of race, sex, and age. He also alleged that he had been retaliated against and denied equal pay for his prior protected activity. Upon receiving a Notice of Right to Sue for the 2014 charge, McQueen sued the Defendant, Jason Boothe [white male], Sharon Ellis [white female], and Mike Griffin [white male] for discrimination. This case is currently still in litigation and is styled *Claude McQueen v. Alabama Department of Transportation, et al.*, Case No. 2:14-cv-1016-WKW.

10. In March 2016, McQueen received yet another poor evaluation from Jason Boothe, that had no basis in fact. When McQueen questioned the basis of Boothe's evaluation of him, he was mocked. Boothe expressed to McQueen that if he had an issue with the evaluation he could go to human resources and that he [Boothe] did not care about McQueen's civil rights. White employees are not treated

in this manner in that they receive evaluations based on their job performance and not their race or for engaging in protected activity.

11.     McQueen has been subjected to a continuous policy of discrimination and retaliation for at least five years.

## IV.     CAUSES OF ACTION

### COUNT I

### RACE DISCRIMINATION
### PURSUANT TO TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964

12.     The actions of the Defendant were committed with malice and/or reckless disregard for the federally protected rights of the Plaintiff.

13.     Specifically, the Defendant discriminated against McQueen in the terms and conditions of employment by subjecting him to discriminatory evaluations that affect his ability to get promoted and earn merit raises that are received by similarly situated white employees who are not treated in this manner.

14.     This reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981.

15.     As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

16.     Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's racially discriminatory and demeaning and unlawful conduct.

17.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

18.     As a result of the Defendant's actions, the Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

19.     This reckless, malicious, and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

## COUNT II
## RETALIATION IN VIOLATION OF
## TITLE VII

20.     Plaintiff restates and incorporates by reference Paragraphs 1-19 above as part of this Count of the Complaint.

21.     The Defendant retaliated against McQueen because of his opposition to and reporting of discrimination by terminating his employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

22.     McQueen's damages and injuries include, but are not limited to, loss of pay and benefits. Furthermore, as a result of his retaliatory termination McQueen has suffered mental anguish, humiliation and embarrassment.

23.     The Defendant's retaliatory actions toward McQueen were reckless, malicious and willful and in violation of Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

## VI.     PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Honorable Court assume the jurisdiction of these causes of action and award the Plaintiff the following relief:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, including the action taken against Plaintiff by the Defendant constitutes discrimination and are violative of

6

Plaintiff's rights as secured by Title VII;

    2.    Grant Plaintiff a permanent injunction enjoining the Defendant, their agents, successors, employees, attorneys and those acting in concert with the Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights as well as others who are similarly-situated pursuant to Title VII;

    3.    Enter an Order awarding Plaintiff damages including back pay, front pay, nominal, compensatory and punitive damages.

    4.    Award Plaintiff reasonable costs, attorney's fees and expenses.

    5.    Award such other relief and benefits as the cause of justice may require.

**PLAINTIFF HEREBY DEMANDS**

**A JURY FOR ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

/s/Roderick T. Cooks

Roderick T. Cooks
Charity Gilchrist-Davis
Attorneys for the Plaintiff

**OF COUNSEL:**
Winston Cooks, LLC
The Financial Center
505 20th Street North
Suite 815
Birmingham, Alabama 35203

The Law Offices of Gilchrist-Davis, LLC
The Financial Center
505 20th Street North
Suite 815
Birmingham, Alabama 35203


PLAINTIFF'S ADDRESS:
Claude McQueen
c/o Winston Cooks, LLC
The Financial Center
505 20th Street North
Suite 815
Birmingham, Alabama 35203

The Law Offices of Gilchrist-Davis, LLC
The Financial Center
505 20th Street North
Suite 815
Birmingham, Alabama 35203

8