IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLAUDE MCQUEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-cv-215-TFM |
| ) | [wo] |
| STATE OF ALABAMA DEPARTMENT ) | |
| OF TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties pursuant to 28 U.S.C. § 636(c). *See* Docs. 18-19. Now pending before the Court is Plaintiff's Motion to Set Aside Final Dismissal which the Court construed as a Motion for Reconsideration. *See* Doc. 38, filed 6/15/18). The basis for the request was that the Eleventh Circuit reinstated his appeal on the first case he filed in this Court. In response to the Court's show cause order, the Defendant opposed the motion for reconsideration. The motion is fully submitted and ripe for review. After a careful review of all the written pleadings, motions, responses, and replies, the Court GRANTS the motion for reconsideration to the extent the Final Judgment is set aside and this case is STAYED pending the Eleventh Circuit appeal in McQueen I.

### I.  PROCEDURAL BACKGROUND

The Court gave a detailed recitation of facts and a timeline which are incorporated here. *See* Doc. 36. However, based upon new facts, the Court modifies the timeline previously presented in the Memorandum Opinion.

# General Timeline – Summary

- October 1, 2014 – McQueen I case filed in the Middle District of Alabama.

- March 2016 – McQueen given a poor evaluation which he then almost immediately files an EEOC charge of race discrimination and retaliation for his prior protected activity.

- January 9, 2017 – EEOC issued a Notice of Right to Sue letter regarding the allegations of race discrimination and retaliation for the March 2016 poor evaluation.

- March 20, 2017 – Defendant's Motion for Summary Judgment filed in McQueen I.

- April 12, 2017 – McQueen II case filed in the Middle District of Alabama.

- April 20, 2017 – Plaintiff filed response to summary judgment motion in McQueen I. Discussing same issues of retaliation filed in McQueen II.

- June 30, 2017 – Court grants summary judgment in McQueen I and dismisses case.

- July 28, 2017 – Notice of Appeal to Eleventh Circuit filed in McQueen I.

- July 31, 2017 – Defendant files first motion to dismiss in McQueen II.

- November 28, 2018 – Court granted Plaintiff's motion to amend in McQueen II and denying first motion to dismiss as moot.

- December 4, 2017 – Plaintiff files amended complaint in McQueen II.

- December 18, 2017 – Defendant files motion to dismiss amended complaint in McQueen II.

- January 14, 2018 – Plaintiff files response to motion to dismiss in McQueen II.

- January 23, 2018 – Defendant files reply for motion to dismiss amended complaint in McQueen II.

- April 13, 2018 – Appeal in McQueen I dismissed for want of prosecution.

- ***June 5, 2018 at 9:43 a.m. – This Court issued its Memorandum Opinion and Final Judgment in McQueen II.***

- ***June 5, 2018 at 1:36 p.m. – The Eleventh Circuit's Order reinstating the appeal in McQueen I is docketed.***

The important and additional facts relevant to the motion for reconsideration are that this Court's Memorandum Opinion and Final Judgment were issued in the morning hours of June 5, 2018 and in the afternoon hours, the Eleventh Circuit reinstated his appeal in McQueen I. While *pro se* Plaintiff McQueen uses the terms "falsehood" when he filed his motion before this Court, the Court notes that it relied upon the information that existed at the time of its opinion. Regardless, he is correct in that some of the facts and timeline relied upon by this Court in its opinion have changed.

Defendant argues in its response to the motion for reconsideration that *res judicata* still applies, improper claim splitting still applies, and this case should still be dismissed because "ALDOT should not be forced to continue to litigate this case with identical issues, in two forums." *See* Doc. 40.

## II. STANDARD OF REVIEW

A party moving the court to alter or amend its judgment pursuant to Fed. R. Civ. P. 59(e) faces an extremely heavy burden. "While, as a rule, parties are not entitled to 'two bites at the apple,' there are occasions in which reconsideration should be entertained." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (citing *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239). A party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Instead, the movant must demonstrate that one of three grounds for the motion exists: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear

error or manifest injustice." *Scharff v. Wyeth*, Civ. Act. No. XXX, 2012 U.S. Dist. LEXIS 106868, *4-5 (M.D. Ala. Aug. 1, 2012) (citations omitted).

### III. DISCUSSION AND ANALYSIS

The Court finds that Plaintiff meets his burden for raising a motion for reconsideration under Rule 59(e). Specifically, the reinstatement of the appeal is new evidence which changes the Court's analysis on the finality of judgment. While Defendant ALDOT argues that *res judicata* still applies, the finality of the judgment is no longer the certainty that it was when the appeal had been dismissed and concluded. Moreover, ALDOT fails to discuss the implication of inconsistent rulings if the Eleventh Circuit were to decide in favor of Plaintiff on the appeal and the effect of the dismissal of this case.

If the appeal in McQueen I is decided in Plaintiff's favor, there would be no final judgment on the merits on the matters in this case. Moreover, the claim splitting analysis was partially based on the fact that even without a final judgment, Judge Baker ultimately considered Plaintiff's newer claims, even if pointing out they had not been properly raised in a motion to amend. A reversal on appeal could change the prior ruling in McQueen I which could ultimately change this Court's analysis as to the applicability of *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354 (11th Cir. 1998).[1] Therefore, rending a judgment in this case could put this case on uncertain ground. Yet, Defendant raises a valid concern on having to litigate the same matter in two separate cases. And, ultimately, if the Eleventh Circuit affirms the appeal in McQueen I,

---

[1] The primary distinguishing factor between Pleming and McQueen was that Judge Baker did rule on the claims presented in McQueen II despite noting they were not properly pled – which this Court noted when it stated "[w]hether or not the previously court should have addressed the claims is not for this Court to decide." *See* Doc. 36 at p. 14. This Court also noted in a footnote why collateral estopped would not apply in McQueen II – specifically that the fourth element was questionable because while the prior court ruled on the matter, it is debatable whether McQueen had a full and fair opportunity to litigate the issue in the first proceeding.

then this Court's analysis in its Memorandum Opinion remains valid and applicable.

The Court must balance those concerns and protect both parties' and the Court's interests pending the Eleventh Circuit's determination in McQueen I. Therefore, the Court finds that the best solution is to vacate the final judgment such that McQueen II is not final and exercise its discretion to stay this case pending the outcome of the McQueen I appeal.

### IV. CONCLUSION

Based upon the analysis above, the Court vacates its Final Judgment (Doc. 37) in this case. However, the Memorandum Opinion (Doc. 36) will remain at this time and the case STAYED pending the outcome of the Eleventh Circuit's ruling in the McQueen I appeal. The parties shall notify the Court within fourteen (14) days of the outcome of the McQueen I appeal If McQueen I is affirmed, then the Memorandum Opinion will continue in effect with the issuance of a new final judgment which would close this case and allow for the parties to proceed with their respective appellate rights. If McQueen I is reversed and remanded, then the Memorandum Opinion will be vacated and this case consolidated with McQueen I for dispensation by a single judge in this Court.

DONE this 5th day of July, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE